```
          UNITED STATES DISTRICT COURT
           DISTRICT OF MASSACHUSETTS
```

MANUEL ARECHE,
        Petitioner

    v.                              C.A. No. 05-11121-MEL

MICHAEL THOMPSON,
        Respondent.

## MEMORANDUM AND ORDER

LASKER, S.J.

    For the reasons stated below, petitioner Areche shall either pay the $5.00 filing fee within forty-two (42) days of this Memorandum and Order, or file a completed Application to Proceed Without Prepayment of Fees accompanied by his prison account statement, failing which, this action shall be dismissed. Notwithstanding the unresolved filing fee issue, the respondent shall be directed, by separate Order, to file a response to the habeas petition.

## FACTS

    On May 26, 2005, Petitioner Manuel Areche, currently a prisoner at MCI Shirley (Medium) in Shirley, MA, submitted his self-prepared petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, challenging his October 20, 1997 state conviction for trafficking in a controlled substance. As grounds for the petition, he alleges ineffective assistance of counsel, violation of due process and violation of the plea agreement. Petitioner alleges he has exhausted his state appellate avenues and this is his first habeas petition in this Court.

ANALYSIS

I. Petitioner must pay the filing fee.

Petitioner has not paid the $5.00 filing for nor has he submitted a completed Application to Proceed Without Prepayment of Fees with a prison account statement, as required under 28 U.S.C. §1915 (proceedings *in forma pauperis*).

A party filing a § 2254 habeas corpus petition must either (1) pay the $5.00 filing fee for habeas corpus actions, or (2) file an Application to Proceed without prepayment of fees. See 28 U.S.C. § 1914(a)(filing fees); § 1915(proceedings *in forma pauperis*). An Application for waiver of the filing fee must be accompanied by a document certifying the amount of funds on deposit to the petitioner's credit at his institution of incarceration. See Rule 3(a) of the Rules Governing Section 2254 cases (if a petitioner desires to prosecute a petition *in forma pauperis*, he shall file the affidavit required by §1915 and a certified statement of the amount of funds in prisoner's institutional account); 28 U.S.C. § 1915(a)(2).

The Court will not dismiss this action at this time for failure to comply with these requirements, but will allow the Petitioner an opportunity to comply with the filing fee directives.

II. The Habeas Petition shall be served on the Respondent and a response to the petition shall be filed.

Notwithstanding the unresolved filing fee issues, the Court will direct, by separate Order, that the clerk serve a copy of the petition on the Respondent, and that the Respondent file a response to the petition.

## CONCLUSION

For the reasons set forth above, it is hereby ORDERED:

1. Within forty-two (42) days of the date of this Memorandum and Order, Petitioner Areche shall either pay the $5.00 filing fee or file a completed Application to Proceed Without Prepayment of Fees. The clerk shall provide Petitioner with a blank form along with a copy of this Order. Failure of the Petitioner to comply with this Order may result in dismissal of this action.

2. The petition shall be served on the Respondent, and a separate Order shall issue requiring the Respondent to file a response to the petition.


　　　　　　　　　　　　　　　　/s/ Morris E. Lasker
　　　　　　　　　　　　　　　　MORRIS E. LASKER
　　　　　　　　　　　　　　　　SENIOR, UNITED STATES DISTRICT JUDGE

Dated: June 5, 2005