UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MANUEL ARECHE,<br>　　　Petitioner,<br><br>　　　v.<br><br>MICHAEL THOMPSON,<br>　　　Respondent. | )<br>)<br>)<br>)<br>)　　Civil Action No. 05-11121-MEL<br>)<br>)<br>)<br>) |

**RESPONDENT'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION
TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS TIME-BARRED**

The respondent, Michael Thompson, respectfully submits this memorandum of law in support of his motion to dismiss the petition for a writ of habeas corpus filed by the petitioner, Manuel Areche ("Areche"). The petition must be dismissed as time-barred under 28 U.S.C. § 2244(d), the statute of limitations for federal habeas corpus petitions, which is contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Areche's conviction became final on October 20, 1997. As such, Areche was require to file his federal habeas petition before the lapse of the statute of limitations on October 20, 1998. However, Areche did not bring this petition until May 26, 2005, over six years after the limitation period lapsed. Moreover, the statute of limitations was not tolled at any point between October 20, 1997 and October 21, 1998. Accordingly, the petition is untimely and should be dismiss.[1]

---

[1] Since it is clear from the face of the petition and the attached docket sheets that the petition is time-barred, the respondent will not, in the interest of economy, answer the petition or address any additional affirmative defenses. Should this Court rule that the petition is not time-barred, the respondent respectfully requests thirty days from the date of receipt of this Court's order to answer the petitioner or file a supplemental memorandum which shall address the additional affirmative defenses and/or the merits of the petition.

## PRIOR PROCEEDINGS

On December 19, 1996, a Hampden County grand jury returned indictments against Areche for trafficking in a controlled substance, cocaine, in an amount greater the 200 grams under Mass. Gen. L. ch. 94C, § 32(b)(4), and violation of the controlled substance law in a school zone under Gen. L. ch. 94C, § 32J. Pet. R.A. at 10, 11.[2] On October 20, 1997, Areche pled guilty before Sweeney, J. to both charges and was sentenced to ten years to ten years and one day, and two and one half years to three years, to be served from and after. *Id*. at 6, 7. On October 27, 1997, Areche appealed his sentence to the Appellate Division of the Superior Court ("ADSC"). *Id*. at 6.[3] On November 26, 1997, Areche filed a motion to revise and revoke the sentence pursuant to Mass. R. Crim. P. 29, which was denied December 4, 1997. *Id*.

On June 2, 2003, four years after he plead guilty, Areche filed a motion for new trial. *See* Ex. A at 2. That motion was denied on February 20, 2004 by Sweeney, J. *Id*; Pet. R.A. at 3. On February 26, 2004, Areche filed a notice of appeal from the denial of his motion. *Id*. On March 11, 2005, the Massachusetts Appeals Court affirmed the order denying Areche's motion for new trial in an unpublished opinion pursuant to Mass. R. App. Prac. 1:28. *Commonwealth v. Areche*, 63 Mass.App.Ct. 1106 (2005). Areches's application for further appellate review was denied by

---

[2] All documents referenced within this memorandum are found in either the Record Appendix of the petitioner's Application for Further Appellate Review which was submitted with his Petition for Writ of Habeas Corpus or Exhibit A attached hereto. As such, they will be referenced as follows: "Pet. R.A. at __."; and "Ex. A at __."

[3] There is no indication on the referenced docket as to the resolution of the petitioner's appeal of his sentence to the ADSC. The uncertainty over the outcome is of no consequence for the purposes of this motion since this Court has ruled that an appeal to the ADSC is not a tolling event for the purposes of the AEDPA statute of limitations. *See Guerrero v. Spencer*, 2005 WL 768653 (D.Mass.).

the Supreme Court on April 27, 2005. *Commonwealth v. Areche*, 444 Mass. 1101(2005).

On May 25, 2005, seven years after he plead guilty and six years after the lapse of the limitations period, Areche filed the instant petition for a writ of habeas pursuant to 28 U.S.C. § 2254, and the respondent hereby files this memorandum of law in support of the motion to dismiss.

## ARGUMENT

**A.    The Petition Must Be Dismissed as Time-Barred Under the Statute of Limitations for Federal Habeas Corpus Petitions.**

Areche's petition for a writ of habeas corpus must be dismissed under the statute of limitations enacted by Congress as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d), which became effective April 24, 1996. That provision, which is applicable to federal habeas corpus petitions filed by state prisoners, provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of-
>
> (A) *the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due

>   diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (emphasis added).

Because Areche pled guilty, his conviction became final when he was sentenced -*i.e.*, on October 20, 1997. *See, e.g.*, *Commonwealth v. Balliro*, 437 Mass. 163, 166, 769 N.E.2d 1258, 1262 (2002) (a guilty plea is a conviction; after a defendant pleads guilty "nothing more is required except for the court to give judgment and sentence'); *United States v. Hines*, 802 F. Supp. 559, 571 (D. Mass. 1992) ("Under Massachusetts law, a 'conviction' is an adjudication of guilt either by way of the entry of a formal guilty plea or an admission to sufficient facts or after a finding of guilt by jury verdict"). Areche had until October 20, 1998 to bring a habeas action in federal court. This federal habeas petition was not filed until May 26, 2005, over six years after the statute of limitation lapsed. Therefore, this petition is time-barred and must be dismissed. *See* 28 U.S.C. § 2244(d); *see also Lattimore v. Dubois*, 311 F.3d 46, 53-54 (1st Cir. 2002)(holding that a petition filed even one day late for the statute of limitations deadline must be dismissed as untimely).

**B.     The Tolling Provision Set Forth in 28 U.S.C. § 2244(d)(2) Does Not Apply Where Areche Failed to Initiate State-Court Proceedings Before October 20, 1998.**

Furthermore, Areche is not entitled to rely on the tolling provision set forth in 28 U.S.C. § 2244(d)(2) where he failed to initiate post-conviction proceedings before October 20, 1998. That section tolls the statute of limitations "during [the time] which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

pending...." *Id*. Although Areche appealed his sentence to the ADSC on October 27, 1997 and filed a motion to revise and revoke on November 26, 1997, those actions do not toll the statute of limitations. *See Guerrero v. Spencer*, 2005 WL 768653 (D.Mass.) (holding that an appeal of petitioner's sentence to the ADSC does not toll the running of AEDPA's statute of limitations); *Ledoux v. Dennehy*, 327 F.Supp.2d 97 (1st Cir. 2004) (holding that a motion to revise and revoke is not a motion for other collateral relief that tolls the running of AEDPA's statute of limitations). Therefore, Areche did not file an action capable of tolling the statute of limitations, his motion for new trial, until June 02, 2003. *See* Ex. A at 2. That motion was succeeded by other appeals. *Id*. Since all the above-mentioned events occurred after the one year statute of limitations elapsed on October 20, 1998, they have no impact on the timeliness of Areche's petition. *See, e.g.*, *Demars v. General Dynamics Corp.*, 779 F.2d 95, 98 n.2 (1st Cir. 1985) (no tolling where event occurred outside limitations period). Consequently, the statute of limitations was not tolled and Areche's petition is untimely.

## CONCLUSION

For the reasons set forth above, the respondent respectfully requests that this Court dismiss this habeas petition on the grounds that it is time-barred.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

June 28, 2005                                      /s/ Susanne G. Reardon
                                                   Susanne G. Reardon
                                                   Assistant Attorney General
                                                   Criminal Bureau
                                                   One Ashburton Place
                                                   Boston, Massachusetts 02108
                                                   (617) 727-2200
                                                   BBO#561669


## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the attached motion was served upon petitioner:
Manuel Areche, pro se
MCI Shirley
1 Harvard Road, P.O. Box 1218
Shirley, MA 01464-1218
by first class mail, postage pre-paid, on June 28, 2005.

                                                   /s/ Susanne G. Reardon
                                                   Susanne G. Reardon
                                                   Assistant Attorney General

Commonwealth of Massachusetts
HAMPDEN SUPERIOR COURT
Case Summary
Criminal Docket


Commonwealth v Areche, Manuel

--------------------------------------------------------------------------------

Details for Docket: HDCR1996-02727

Case Information
Docket Number:   HDCR1996-02727   Caption:   Commonwealth v Areche, Manuel
Entry Date:   12/19/1996   Case Status:   Crim 1 CtRm 1
Status Date:   05/09/2005   Session:   Disposed (appeal denied)
Lead Case:   NA   Deadline Status:
Trial Deadline:      Jury Trial:   NO


--------------------------------------------------------------------------------

Parties Involved

--------------------------------------------------------------------------------

2 Parties Involved in Docket: HDCR1996-02727

Party Involved:     Role:   Defendant
Last Name:   Areche   First Name:   Manuel
Address:      Address:
City:     State:
Zip Code:     Zip Ext:
Telephone:

Party Involved:     Role:   Plaintiff
Last Name:   Commonwealth   First Name:
Address:      Address:
City:     State:
Zip Code:     Zip Ext:
Telephone:


--------------------------------------------------------------------------------

Attorneys Involved

--------------------------------------------------------------------------------

No Attorneys found for Docket: HDCR1996-02727.

There are currently no attorneys associated with this case.

---

Calendar Events

---

No Calendar Events found for Docket: HDCR1996-02727.

There are currently no calendar events associated with this case.

---

Full Docket Entries

---

12 Docket Entries for Docket: HDCR1996-02727

| Entry Date | Paper No | Docket Entry |
|---|---|---|
| 12/19/1996 | 1 | Indictment returned |
| 06/02/2003 | 42 | Motion by Deft: for rule 30 relief |
| 06/02/2003 | 43 | Motion by Deft: for appointment of counsel |
| 06/02/2003 | 43 | Affidavit of in support of rule 30 and motion for appointment of |
| 06/02/2003 | 43 | counsel |
| 02/20/2004 |  | Originally dated 6/2 & 6/4/04- Motion (P#42 & 43) denied (see |
| 02/20/2004 |  | pleadings) (Sweeney, J) |
| 02/26/2004 | 44 | NOTICE of APPEAL FILED by Manuel Areche, N. 3/1/04 |
| 03/01/2004 | 45 | Notice of assembly of record; mailed to Appeals Court per Rule 9(d) |
| 03/05/2004 | 46 | Notice of Entry from the Appeals Court |
| 05/09/2005 | 47 | Rescript received from Appeals Court; Order denying motion for new |
| 05/09/2005 | 47 | trial AFFIRMED |

---

Charges

---

1 Charges for Docket: HDCR1996-02727

No.  Charge Description:  Indictment:  Status:
1   Traffic in controlled substance, 200+g      Active

--------------------------------------------------------------------------------
© Copyright, Massachusetts Administrative Office of the Trial Court, 2000 - 2001.