**<u>E N D O R S E M E N T</u>**

MANUEL ARECHE v. MICHAEL THOMPSON
05-CV-11121-MEL
_____

LASKER, D.J.

      Manuel Areche ("Areche") petitions for a Writ of Habeas Corpus under 28 U.S.C. §2254 and moves for Appointment of Counsel as part of his federal habeas petition, which he filed on May 26, 2005. Respondent Michael Thompson ("Thompson"), filed a Motion to Dismiss on June 28, 2005, stating that the petition is time-barred under 28 U.S.C. §2244(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Areche responded to the Motion to Dismiss stating that under Rule 30 of the Massachusetts Rules of Criminal Procedure, he is entitled to bring his petition at any time.

      28 U.S.C. §2244(d)(1)(A) allows petitioners in custody pursuant to a State court judgment to file a writ of habeas corpus within 1 year of "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(2) further specifies, "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

      Areche's conviction pursuant to a guilty plea became final on October 20, 1997. He filed an appeal of his sentence to the Appellate Division of the Superior Court on October 27, 1997 and a Rule 29 Motion to Revise and Revoke on November 26, 1997. Areche further filed a Rule 30 petition for a new trial on June 2, 2003, which was denied on February 20, 2004, and an application for appeal in the Massachusetts Appeals Court which was denied on March 11, 2005. He then further filed an appeal with the Supreme Judicial Court of Massachusetts on April 6, 2005, which was denied on April 27, 2005.

      Under §2244(d)(2), <u>properly-filed</u> State actions can toll the one-year statute of limitations. See <u>McGuinness v. Pepe</u>, 150 F.Supp.2d 227, 233-34 (D.Mass. 2001). Unfortunately for Areche, his Rule 30 petition, even if it tolled the time under §2244(d)(2), was resolved in February 20, 2004 and over a year passed before he filed his habeas petition in 2005. His timely Motion to Revise and Revoke from 1997 did not toll the time. See <u>Ledoux v. Dennehy</u>, 327 F.Supp.2d 97, 99-100 (D.Mass.

1

2004)(holding that a Rule 29 Motion to Revise or Revoke does not toll AEDPA's one-year period of limitation). Areche's appeal in the Massachusetts Appeals Court was also substantially beyond the 30-day time limit in which an appeal may be brought, as was his appeal with the Supreme Judicial Court of Massachusetts - both were filed almost seven years after his original conviction.

As a result of Areche's tardy filing of his habeas petition and the limitations imposed by 28 U.S.C. §2244(d), Areche's Petition for Writ of Habeas Corpus and Motion for Appointment of Counsel must be DENIED.

It is so ordered.


Dated:    January 30, 2006
          Boston, Massachusetts        /s/ Morris E. Lasker
                                              U.S.D.J.